Filed 2/20/26  P. v. Trotter CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B338858 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A570665) |
| v. | |
| ANTHONY TROTTER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Lee Smerling, Judge.  Dismissed.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

Anthony Trotter appeals from an order denying his request for resentencing under Penal Code section 1172.1.[1] The order Trotter challenges is not appealable. We therefore dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

This is Trotter's sixth appeal before this court. In 1988, Trotter pled guilty to first degree murder (§ 187, subd. (a)), robbery (§ 211), and residential burglary (§ 459). Trotter admitted the truth of special circumstance allegations that he committed the murder during the commission of a robbery and a burglary. (§ 190.2, subd. (a)(17).) He was sentenced to life imprisonment without the possibility of parole on the murder count, plus one year for a deadly and dangerous weapon enhancement. The court also imposed a six-year upper term for the burglary count and a five-year upper term for the robbery count, both of which were stayed pursuant to section 654.

"In 2001, the United States District Court for the Central District of California conditionally granted Trotter's petition for writ of habeas corpus on the ground that his admission to the special circumstance allegations 'was not knowing and voluntary

---

[1] Subsequent statutory references are to the Penal Code.

[2] The facts underlying Trotter's conviction are not at issue in this appeal and we do not recite them here. However, we take judicial notice of our five unpublished opinions resolving Trotter's prior appeals: *People v. Trotter* (Oct. 29, 2003, B160437) (*Trotter I*), *People v. Trotter* (Sept. 3, 2021, B309637) (*Trotter II*), *People v. Trotter* (Dec. 29, 2021, B310316), *People v. Trotter* (Feb. 27, 2023, B319451) (*Trotter IV*), and *People v. Trotter* (May 31, 2023, B323194) (*Trotter V*). (Evid. Code, §§ 451, 459.)

based on the lack of an adequate factual basis.' (*Trotter I*, *supra*, B160437.)" (*Trotter IV*, *supra*, B319451.) "The special circumstance allegations were tried before a jury in May 2002. The jury found the special circumstance allegations true, and the trial court once again sentenced Trotter to life in prison without the possibility of parole." (*Ibid*.) The sentences on the burglary and robbery counts remained in place as originally imposed and stayed. The judgment was affirmed on appeal and the California Supreme Court denied Trotter's petition for review in 2004. (*Ibid*.)

"In 2020, Trotter filed a petition for resentencing under former section 1170.95. The trial court denied the petition and Trotter appealed. . . . [W]e affirmed the trial court's order denying Trotter's resentencing petition. (*Trotter II*, *supra*, B309637.)" (*Trotter V*, *supra*, B323194, fn. omitted.)

"In early 2022, Trotter filed a motion to withdraw his 1988 guilty plea. Citing newly enacted section 1016.7, subdivision (a), Trotter argued that because the prosecutor did not consider mitigating evidence of his age or his childhood trauma, his guilty plea was invalid. Trotter also alleged ineffective assistance of counsel based on trial counsel's failure to bring specific scientific studies to the prosecution's attention. (*Trotter IV*, *supra*, B319451.)" (*Trotter V*, *supra*, B323194, fn. omitted.) The trial court denied the motion, and this court affirmed. (*Trotter IV*, *supra*, B319451.)

"In May 2022, Trotter filed a document in the trial court titled 'Motion for miscarriage of justice due to ineffective assistance of trial counsel that render[s] guilty plea not knowingly[,] not intelligently[,] and not voluntarily entered pursuant to Cal. Const., Art. VI § 13 and Cal. Pen. Code § 1404.'

3

Trotter argued trial counsel gave him incorrect information regarding the prosecution's evidence, leading him to plead guilty instead of taking his case to trial." (*Trotter V, supra*, B323194.) The trial court denied the motion, and we affirmed on appeal. (*Ibid.*)

In May 2024, Trotter filed a request for resentencing, which he titled "Notice of Motion for Court to Exercise Discretion for Resentencing in the Furtherance of Justice Pursuant to Penal Code sections 1172.1 and 745." All of the arguments in Trotter's request related to his youth at the time of his crimes. He did not assert any arguments regarding the applicability of section 745, the Racial Justice Act. Attached to the request was evidence of Trotter's rehabilitation efforts while in prison and his psychological background.

In May 2024, the trial court entered an order denying Trotter's request. The order stated, in relevant part, that Trotter had failed to "state actionable claims. More particularly:

"1.     Defendant's claims are redundant and have been repeatedly denied.

"2.     As explained to defendant on the occasion of prior petitions, the court has no jurisdiction to revisit the sentence in this case under Penal Code § 1172.1. The court has such authority under only four circumstances, none of which is present here: (a) within 120 days of commitment to state prison, (b) a subsequent change in applicable sentencing law, (c) recommendation of CDCR or Board of Parole Hearings, or (d) recommendation of the District Attorney.

"3.     The claim under the Racial Justice Act is not supported by a prima facie showing the Act was violated."

Trotter timely appealed.

## DISCUSSION

### The Denial of Trotter's Request for Section 1172.1 Relief Is Not Appealable

Under section 1172.1, a trial court may recall a defendant's sentence and resentence the defendant either (1) "on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law," or (2) "at any time upon the recommendation of" specified law enforcement officials. (*Id.*, subd. (a)(1).)

However, under the specific terms of section 1172.1, subdivision (c), defendants are "not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." Accordingly, a defendant who files "an unauthorized request for resentencing has no *right* to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).)

Section 1237 governs a defendant's right to appeal in criminal cases. It provides that a defendant "may appeal from (1) a final judgment of conviction (§ 1237, subd. (a)), and (2) 'any order made after judgment, affecting the substantial rights of the party.' (§ 1237, subd. (b).)" (*Hodge, supra*, 107 Cal.App.5th at p. 992.) In *Hodge*, the Court of Appeal, in considering an appeal from the denial of a defendant's request for recall and resentencing under section 1172.1, held that a "trial court's decision not to exercise its discretion to recall [a defendant's] sentence [does] not affect [a defendant's] substantial rights under section 1237, subdivision (b), because the trial court had no statutory obligation to act at all on [the defendant's] request."

5

(*Hodge*, at p. 991.)  Since "a defendant has no right to demand that the trial court actually make such a decision," the "trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Id*. at p. 996.)  *Hodge* reasoned that because the trial court's order did not affect the defendant's substantial rights, and the appeal was not from a final judgment of conviction, there was no statutory right to appeal.  (*Ibid.*)

We agree with the reasoning of *Hodge*.  We join the other Courts of Appeal that have followed it and unanimously concluded that a trial court's decision declining to consider a defendant's resentencing request under section 1172.1 is not appealable.  (*People v. Brammer* (2025) 117 Cal.App.5th 675, 696; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045; *People v. Roy* (2025) 110 Cal.App.5th 991, 994; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693 (*Faustinos*); *People v. Wilson* (2025) 109 Cal.App.5th 198, 202.)  Since a defendant petitioning under section 1172.1 has no right to initiate recall and resentencing, a defendant's substantial rights are not implicated.  (*Faustinos*, at pp. 699, 700; *Hodge*, at p. 996.)  Thus, "[a]n appellate court has no basis to review a trial court's decision not to initiate" a resentencing.  (*Faustinos*, at p. 699.)

While Trotter acknowledges *Hodge*, he asserts it is "incorrect," relying on *Polanski v. Superior Court* (2009) 180 Cal.App.4th 507, and *People v. Orabuena* (2004) 116 Cal.App.4th 84, both of which discussed requests for dismissal pursuant to section 1385.  He asserts section 1385 is "analogous."  We disagree.

As discussed in *Hodge*, section 1385 is a materially different statute.  Section 1385, unlike section 1172.1, places

6

"constraints on a trial court's discretion." (*Hodge, supra*, 107 Cal.App.5th at p. 997, citing *People v. Carmony* (2004) 33 Cal.4th 367, 375.) On this basis, *Hodge* distinguished *Carmony*, which concerned a trial court order denying the defendant's motion to dismiss his prior strikes under section 1385. In that case, our high court considered the proper standard of review on appeal. (*Carmony*, at pp. 371, 374.) It held that even though section 1385 did not confer a right to relief on a defendant, it did provide a defendant "the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.]" (*Carmony*, at p. 375.) The court further held that " ' "[w]hen the balance falls clearly in favor of the defendant, a trial court not only may *but should* exercise the powers granted to [it] by the Legislature and grant a dismissal in the interests of justice." ' " (*Hodge*, at p. 997, quoting *Carmony*, at p. 375.)

In *Hodge*, the Court of Appeal observed that, in contrast to the limits on a trial court's discretion not to dismiss a prior strike under section 1385, "section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion." (*Hodge, supra*, 107 Cal.App.5th at p. 997.) We agree with the *Hodge* court's reasoning and do not find the section 1385 cases persuasive in this context.

This case is also unlike *People v. Olea* (2025) 115 Cal.App.5th 889, 901, in which the court held the denial of a request for resentencing under section 1172.1 was appealable because the circumstances "differ[ed] from *Hodge, Roy*, and *Faustinos* such that the order issued affected Olea's substantial

7

rights." In *Olea*, the court found it "noteworthy that the trial court took a number of procedural steps that did not take place in the aforementioned cases, including appointment of counsel at Olea's request, ordering the release of subpoenaed records from the CDCR to the defense, ordering the defense to provide copies of these records to the People, and setting a contested hearing on Olea's request, at which Olea appeared remotely." (*Olea*, at p. 901.) The trial court expressly found the subpoenaed records relevant to the proceeding, held a hearing at which it heard arguments from both parties, "and made statements in its final ruling that reflected it had reviewed the original sentence in full, along with the briefs and attached exhibits. Though the court indicated that it was declining Olea's invitation to recall and resentence him, it also stated that it found the original sentence to be 'just' " and explained its reasoning for that conclusion on the record. (*Ibid*.) Accordingly, "the trial court effectively evaluated and denied Olea's petition on the merits, thus affecting Olea's substantial rights." (*Id*. at p. 902; accord, *People v. Craig* (2026) 117 Cal.App.5th 1165, 1173 [finding order appealable where trial court "took most of the same procedural steps as the superior court in *Olea* did"].)

The court here took no such steps. It simply issued an order denying the request. This case is therefore akin to *Hodge*, *Faustinos*, and other cases that conclude a trial court order summarily denying a defendant's request for resentencing under section 1172.1 does not affect a defendant's substantial rights. (See, e.g., *Faustinos*, *supra*, 109 Cal.App.5th at p. 693 ["[t]he court took no action, stating it '[did] not have jurisdiction to consider [the] motion' "]; *Hodge*, *supra*, 107 Cal.App.5th at p. 991 [order denying defendant's § 1172.1 request stated court

8

" 'declines to exercise its discretion to recall Mr. Hodge's sentence' "].)

Trotter contends the trial court had jurisdiction to act on its own motion under section 1172.1 due to changes to section 1170, subdivision (b).[3] He therefore asserts that the court's statement that it had no jurisdiction to revisit his sentence indicates it misunderstood its discretion under section 1172.1, rendering the order appealable. However, *Faustinos* addressed this precise issue. In *Faustinos*, the court explained that, "even assuming the trial court erroneously stated, in response to Faustinos's unauthorized petition, that it lacks authority to act on its own motion, we do not think that would convert a nonappealable order to an appealable one." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 698.)

To reach this conclusion, the *Faustinos* court looked to *People v. Gallardo* (2000) 77 Cal.App.4th 971. "There, a defendant filed an unsuccessful postjudgment motion that he admittedly was unauthorized to file and could not appeal. But he claimed that, in denying, the trial court nevertheless 'failed to recognize its power to dismiss' charges it had stayed. (*Id*. at p. 983.) He argued that ' "the reasons given by the sentencing

---

[3] The People assert that section 1170, subdivision (b), is inapplicable because it does not apply to stipulated sentences subject to a plea agreement. This issue is now pending before our high court. (See *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314 [amended § 1170, subd. (b), does not apply to upper-term sentence based on a stipulated agreement]; but see *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1057, review granted Feb. 21, 2024, S283452 [amended § 1170, subd. (b), applies to stipulated agreements].) We need not address this issue.

9

judge for denying a hearing—essentially, that he did not have the power to grant the relief which would be requested at the hearing—were not proper reasons for denying a hearing." ' (*Id.* at p. 984.) In rejecting the claim, the Court of Appeal assumed that the trial court misunderstood its own power. (*Id.* at p. 985, fn. 8.) Even so, the trial court's statements did not make a nonappealable order appealable because 'appealability depends upon the nature of the decision made, not the court's justification for its ruling.' (*Id.* at p. 985.)" (*Faustinos*, *supra*, 109 Cal.App.5th at p. 698.)

The *Faustinos* court thus reasoned: "[W]e do not think that the court can transform a nonappealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about that matter." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 698.)

We agree with *Faustinos*. The order here was not appealable because it did not affect Trotter's substantial rights. (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) Even assuming the order indicates some misunderstanding of the trial court's discretion, that does not render it appealable. (*Faustinos*, *supra*, 109 Cal.App.5th at p. 698.)[4] Indeed, "[i]t would not make sense if appealability depended upon our analyzing whether the applicable laws had changed." (*Faustinos*, at p. 697.) The trial

---

[4]     Moreover, as discussed in *Faustinos*, Trotter still "has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1. That remedy is to petition for a writ of habeas corpus in the trial court." (*Faustinos*, *supra*, 109 Cal.App.5th at pp. 698–699, 700.)

10

court's order denying Trotter's unauthorized request is not appealable under the reasoning of *Hodge*.

In sum, Trotter seeks to appeal from a non-appealable order. We therefore dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

11